**RECORD IMPOUNDED**

NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3669-16T7

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

DOMINIQUE T. MOORE,

    Defendant-Respondent.

_____

**APPROVED FOR PUBLICATION**

**June 20, 2017**

**APPELLATE DIVISION**

Argued May 24, 2017 — Decided June 20, 2017

Before Judges Accurso, Manahan and Lisa.

On appeal from Superior Court of New Jersey, Law Division, Monmouth County, Complaint No. W-2017-000378-1303.

Ian D. Brater, Assistant Prosecutor, argued the cause for appellant (Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney; Mr. Brater, of counsel and on the brief).

Elizabeth C. Jarit, Assistant Deputy Public Defender, argued the cause for amicus curiae Office of the Public Defender (Joseph E. Krakora, Public Defender, attorney; Ms. Jarit, of counsel and on the brief).

Claudia Joy Demitro, Deputy Attorney General, argued the cause for amicus curiae Office of the Attorney General (Christopher S. Porrino, Attorney General, attorney; Ms. Demitro, of counsel and on the brief).

Alexander Shalom argued the cause for amicus curiae American Civil Liberties Union of New Jersey (Mr. Shalom, Edward L. Barocas and Jeanne M. LoCicero, on the brief).

Mark A. Bailey, attorney for respondent Dominique T. Moore, joins in the brief of amicus curiae Office of the Public Defender).

The opinion of the court was delivered by

MANAHAN, J.A.D.

In this appeal, we address whether the Monmouth County Prosecutor's Office (MCPO)[1] must produce a completed Preliminary Law Enforcement Incident Report (PLEIR) when seeking pretrial detention of a defendant under the Bail Reform Act (Act), N.J.S.A. 2A:162-15 to -26. Consonant with our Supreme Court's decision in State v. Robinson, ___ N.J. ___ (2017), and for the reasons set forth herein, we conclude the production of a PLEIR is not mandatory under the Act, Rule 3:4-2(c)(1), or the Office of the Attorney General, Directive Establishing Interim Policies, Practices, and Procedures to Implement Criminal Justice Reform Pursuant to P.L. 2014, c. 31 (Oct. 11, 2016) (Directive).

On March 9, 2017, following a four-year police investigation, a complaint-warrant was issued against defendant,

---

[1] For ease of reference and clarity, we utilize MCPO as inter-changeable with "State" when that word is referenced in the opinion.

Dominique Moore, charging him with first-degree murder, N.J.S.A. 2C:11-3a(1), and second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4a(1). The MCPO filed a motion for pretrial detention on March 10, 2017, and provided discovery to defendant,

> including the complaint-warrant, the affidavit of probable cause, the Public Safety Assessment [(PSA)], five police reports, one arrest report, one fifteen-page CAD report, [fourteen] witness statements, five consent-to-search forms, a photo array packet, three grand jury transcripts, two search warrants, two Miranda[2] forms, an eight-page transcript of 911 recordings, seven DVDs containing surveillance videos, defendant's criminal history, defendant's video-recorded interview, and a photograph of the defendant.

The MCPO also provided defendant a blank PLEIR.

On March 13, 2017, defendant moved before a Law Division judge for an order to compel the MCPO to provide a completed PLEIR. Defendant's attorney provided a certification stating that he had attended a meeting on March 4, 2017, at which the Monmouth County Prosecutor advised the participants that he "intended to instruct police departments not to complete the

---

[2] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

PLEIR."[3]   The certification stated that the Mercer County Prosecutor was also "advancing this procedure."

On March 17, 2017, relying on our recent decision in State v. Robinson, 448 N.J. Super. 501, 519-20 (App. Div.), aff'd in part, mod'd in part, ___ N.J. ___ (2017), the judge granted defendant's motion.  The judge found that the MCPO's refusal to produce a completed PLEIR "not only [went] against the holding in Robinson and the language of the PLEIR,[4] but also ignore[d] the past practice of the MCPO over a two[-]month period to produce completed PLEIRs as well as its express representation in Robinson that it was obligated to produce the PLEIR."  The judge also held that "the State should be judicially estopped from now asserting that production of the PLEIR [was] discretionary."

_____

[3] The State acknowledged in its brief and at oral argument that this instruction was given by the Monmouth County Prosecutor and for that reason, a PLEIR was not completed for defendant.  Upon the judge's decision to compel the PLEIR, the Prosecutor stayed his instruction pending the outcome of the appeal.

[4] The judge also relied on language in Robinson, supra, 448 N.J. Super. at 504 n.2, stating that "[o]n the face of the document, the PLEIR recites that it must accompany the probable cause affidavit and is deemed to be incorporated by reference into the affidavit."  However, the language on the face of the document states that the PLEIR "is designed to be appended to, and is expressly incorporated by reference in, the Affidavit of Probable Cause."  The Court in Robinson, supra, slip op. at 40-41, directed the AOC to remove this language from the PLEIR form.

The judge granted the State's motion for a stay of the order to compel production of the PLEIR until March 20, 2017. Subsequently, we denied the State's emergent application seeking to appeal the discovery order. Thereafter, the MCPO filed an application for emergent relief with the Supreme Court.

On March 20, 2017, the Court extended the trial court's temporary stay of its discovery order pending further order of the Court. The next day, the Court granted the application for emergent relief and remanded the matter to this court to permit the MCPO to file an emergent motion for leave to appeal. However, the Court denied the MCPO's request for a stay of the trial court's order "in the interest of proceeding expeditiously with defendant's pretrial detention hearing." The Court vacated the temporary stay of the trial court's order holding that "[t]his disposition is without prejudice to the State's ability to file an emergent motion for leave to appeal to challenge the merits of the discovery order, which presents a recurring legal issue of public importance that would otherwise evade review."

On March 22, 2017, the judge granted the MCPO's motion for pretrial detention of defendant.[5] On March 23, 2017, we granted the MCPO's application for leave to file an emergent motion in accordance with the Court's order. Thereafter, we granted

_____

[5] Defendant has not appealed the pretrial detention order.

motions by the Attorney General (AG), the Office of the Public Defender (OPD), and the American Civil Liberties Union (ACLU) to appear as amici.[6]

On appeal, the MCPO argues that the language of Rule 3:4-2(c)(1) does not require law enforcement officers to complete a PLEIR and that the discovery provided to defendant satisfied the Rule's requirement. The MCPO further argues that while the Directive encourages the use of the PLEIR, it does not mandate its use. Additionally, the MCPO contends that, even if the Directive mandated the use of the PLEIR, its non-enforceability clause bars third parties from enforcing any of the provisions. The MCPO also argues that the trial court improperly invoked judicial estoppel to bar it from asserting that use of the PLEIR is discretionary.

The AG argues that, although the Directive encourages the use of the PLEIR, the report is not mandatory under the Directive, under Robinson, or under the court rules. Disputing that judicial estoppel should apply, the AG notes that "neither the State nor the Attorney General took the position [before] the Appellate Division or the Supreme Court [in Robinson] that

---

[6] Defendant did not file a separate brief and relies on the amicus brief of the OPD.

the State's 'discovery obligation was limited to producing the probable cause affidavit and the PLEIR.'"

The OPD counters by arguing that the Monmouth County Prosecutor's order directing the police to dispense with completing a PLEIR in all cases violates both Rule 3:4-2(c)(1) and the Directive. While noting the production of a PLEIR is not expressly mandated, the OPD argues that the history of the Rule illustrates the drafters' intent to require its creation, and production. The OPD rests its argument on the word "available," insisting that production of the PLEIR is necessary to ensure that pretrial detention hearings are fair. Moreover, they maintain that in the interest of due process, the Rule should be interpreted to require the disclosure of a completed PLEIR.

The ACLU likewise acknowledges that the Directive does not expressly command the production of a PLEIR, but argues that the AG's intent to have law enforcement officers provide completed PLEIRs to prosecutors is clear from the Directive. The ACLU accuses the MCPO of "game playing" by its determination not to create a PLEIR. Further, the ACLU argues the PLEIR functions as a "table of contents," providing a map for the court and the defendant as to the provided, as well as missing, discovery.

Our discussion commences by addressing our standard of review. "We accord substantial deference to a trial court's issuance of a discovery order and will not interfere with such an order absent an abuse of discretion." State v. Hernandez, 225 N.J. 451, 461 (2016) (citing State ex rel. A.B., 219 N.J. 542, 554 (2014)). Thus, we "defer to a trial court's resolution of a discovery matter, provided its determination is not so wide of the mark or is not 'based on a mistaken understanding of the applicable law.'" A.B., supra, 219 N.J. at 554 (quoting Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011)).

Our decision is governed by our Court's recent decision in Robinson. In Robinson, supra, slip op. at 26, the Court defined the PLEIR:

> The PLEIR is "an electronic document that succinctly describes the relevant factual circumstances" relating to a defendant's arrest. [Directive at 48.] PLEIRs are designed to enable law enforcement officers to prepare them quickly and easily. Id. at 49. The electronic form lists "commonly occurring facts and circumstances" that officers may select, including whether law enforcement officers or other eyewitnesses observed the offense, whether the defendant made a recorded admission, what type of weapon was involved, and whether any physical evidence was recovered, among other things. Id. at 49-51.

The Court enunciated several principles that should "govern the disclosure of evidence at a detention hearing" including that "[a]ny available PLEIR should be disclosed." Robinson, supra, slip op. at 38-39. "With those principles in mind, and based on what we have learned from the Rule's practical application" since its effective date, the Court clarified and revised Rule 3:4-2(c)(1) as follows:

> (c) Procedure in Indictable Offenses. At the defendant's first appearance before a judge, if the defendant is charged with an indictable offense, the judge shall
>
>> (1) give the defendant a copy of the complaint, discovery as provided in subsections (A) and (B) below, and inform the defendant of the charge;
>>
>>> (A) if the prosecutor is not seeking pretrial detention, the prosecutor shall provide the defendant with a copy of any available preliminary law enforcement incident report concerning the offense and the affidavit of probable cause;
>>>
>>> (B) if the prosecutor is seeking pretrial detention, the prosecutor shall provide the defendant with (i) the discovery listed in subsection (A) above, (ii) all statements or reports relating to the affidavit of probable cause, (iii) all statements or reports relating to additional evidence the State relies on to establish probable cause at the hearing, (iv) all statements or reports relating to the factors listed in

>    N.J.S.A. 2A:162-18(a)(1) that the
>    State advances at the hearing, and
>    (v) all exculpatory evidence.

[Id. at 41-42.]

In hewing to the Court's decision in Robinson, we conclude the plain language of amended Rule 3:4-2(c)(1)(B) does not impose a requirement upon law enforcement officers to prepare a PLEIR or upon prosecutors to provide defendants with a PLEIR if one has not been prepared. In reaching our decision, we emphasize that our holding does not implicate a diminution of a prosecutor's discovery obligation pursuant to that Rule.[7]

Finally, we neither address nor predict what impact blanket determinations by a Prosecutor regarding the preparation of the PLEIR may have on the conduct of detention hearings. We add only what the majority in Robinson noted about the utility of the document developed by the AG:

>    The PLEIR is designed to get the parties
>    information they need about categories of
>    evidence in a case at the very earliest
>    stage. Prosecutors, defendants, and judges
>    alike benefit from that approach. It helps
>    the parties prepare for the hearing and make
>    a preliminary assessment of the overall
>    case. The current court rules call for
>    disclosure of the PLEIR only in non-
>    detention cases. R. 3:4-2(c)(1)(A). The

---

[7] Although not raised in the briefs, it was noted at oral argument that since the MCPO is able to provide defendants with police reports prior to the detention hearings, the preparation and production of the PLEIR is unnecessary.

10

rules should create an incentive to prepare a PLEIR in detention cases as well.

[Id. at 38.]

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-3669-16T7